UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINDA AYRA LEANDRO<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN et al.<br><br>Defendants. | Case No. 3:25-cv-10042<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Petitioner Rosalinda Ayra Leandro ("petitioner") moves the Court *ex parte* for a temporary restraining order that would, among other things, require her immediate release from ongoing detention by agents of Immigration and Customs Enforcement ("ICE") and prohibit ICE from re-arresting her without the Court's authorization.[1] For the reasons set forth below, the Court grants the requested order in part. The Court orders defendants to release Ms. Ayra Leandro from her ongoing detention. Rather than require an order from this Court to authorize her re-detention, the Court orders that defendants shall not re-arrest or otherwise re-detain Ms. Ayra Leandro without first providing her with a pre-detention bond hearing before an immigration judge at which the government establishes by clear and convincing evidence that her detention is necessary to prevent her flight or to protect the public.

---

[1] Petitioner asks the Court to order that she remain within the Northern District of California in order to preserve this Court's jurisdiction over her petition. But it is well-established that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Petitioner also requests that the Court prohibit her deportation during the pendency of the underlying case. At this time, however, the threat of deportation is too remote to warrant emergency *ex parte* relief.

**BACKGROUND**

The evidence before the Court establishes that Ms. Ayra Leandro, a non-citizen and native of Peru, entered the United States by crossing the border from Mexico into Arizona in May 2023. After briefly being detained at the border, ICE agents released her into the country and issued a notice to appear in immigration court. For the past two years, she has resided in the United States with her husband and their two young sons, ages four and five. Ms. Ayra Leandro has no criminal record. She and her family members have applied for asylum, and a final hearing date on their applications is set for December 5, 2025.

On November 20, 2025, the government filed a motion to pretermit Ms. Ayra Leandro's asylum case. Soon thereafter, ICE agents arrested Ms. Ayra Leandro outside her home after she returned from dropping her sons off at school. Ms. Ayra Leandro, with representation of counsel, quickly filed a petition for a writ of habeas corpus and *ex parte* motion for a temporary restraining order. She contends that her arrest and detention violate the Due Process Clause of the Fifth Amendment, both substantively (because defendants allegedly have no valid interest in detaining petitioners) and procedurally (because defendants have not or would not provide pre-detention bond hearings). The defendants are Sergio Albarran, Director of ICE's San Francisco Field Office; Todd Lyons, Acting Director of ICE; Secretary of Homeland Security Kristi Noem; and Attorney General Pamela Bondi.

**LEGAL STANDARDS**

The standard for issuing a temporary restraining order is largely identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Petitioners seeking such relief must establish that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v.*

*Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)). "Where, as here, the party opposing injunctive relief is a government entity, the third and fourth factors—the balance of equities and the public interest—merge." *Hubbard v. City of San Diego*, 139 F.4th 843, 854 (9th Cir. 2025) (citation modified).

Although the substantive standards for both motions are similar, the timeframe for a temporary restraining order is different. While a preliminary injunction remains in effect pending final resolution of the litigation, "a TRO 'should be restricted to … preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

Federal Rule of Civil Procedure 65(b)(1) allows a temporary restraining order to be issued without notice to the opposing party—i.e., *ex parte*—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

## ANALYSIS

As an initial matter, Ms. Ayra Leandro has satisfied the requirements for issuance of an *ex parte* order. The affidavit of Ms. Ayra Leandro's counsel demonstrates that she will suffer immediate and irreparable injury, loss, or damage by virtue of her continued detention before respondents can be heard in opposition, and that counsel attempted to contact Civil Division chief Pamela Johann of the United States Attorney's Office for the Northern District of California on November 20, 2025.

With respect to the showing required to justify Ms. Ayra Leandro's requested relief, she has demonstrated a likelihood of success on the merits of her claim that her ongoing detention violates her procedural due process rights under the Due Process Clause of the Fifth Amendment. The Court recently considered that issue under similar circumstances in *Pablo Sequen v. Albarran*, No. 25-CV-06487-PCP, __ F. Supp. 3d __, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025). For the

1  reasons explained in far greater detail therein, a noncitizen like Ms. Ayra Leandro who was
2  conditionally released into the United States has a significant liberty interest in remaining out of
3  immigration custody. *Id.* at *5. Because Ms. Ayra Leandro has resided in the United States with
4  her husband and young sons for more than two years—certainly long enough to "begin[] to
5  develop … ties" and become "a part of our population"—the Fifth Amendment entitles her to due
6  process protections for that liberty interest. *Id.* at *5 (first quoting *Landon v. Plasencia*, 459 U.S.
7  21, 32–33 (1982); and then quoting *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903)). The
8  statutory procedures potentially available to Ms. Ayra Leandro do not satisfy that constitutional
9  mandate. Even assuming that she will receive a post-arrest bond hearing before an immigration
10 judge, there remains a substantial risk that the government is erroneously depriving her of her
11 liberty in the meantime, as the available record suggests that she is neither a flight risk nor a
12 danger to the public *See id.* at *8; *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Given the
13 apparent lack of a valid basis on which to detain Ms. Ayra Leandro and the limited cost of
14 providing a custody hearing in immigration court, the government has at most a minimal
15 countervailing interest in her continued detention. *See Pablo Sequen*, __ F. Supp. 3d __, 2025 WL
16 2935630 at *12; *Garro Pinchi v. Noem*, No. 5:25-cv-05632, __ F.Supp.3d __, 2025 WL 2084921,
17 at *6 (N.D. Cal. July 24, 2025). Taken together, the strength of Ms. Ayra Leandro's liberty
18 interest, the high likelihood of erroneous deprivation, and the government's minimal
19 countervailing interest demonstrate that she is likely to succeed on the merits of her procedural
20 due-process claim. *See Pablo Sequen*, __ F. Supp. 3d. __, 2025 WL 2650637 at *12; *Mathews v.*
21 *Eldridge*, 424 U.S. 319, 335 (1976).

22        Ms. Ayra Leandro has also demonstrated a likelihood of irreparable injury in the absence
23 of temporary relief due to her ongoing and likely unconstitutional deprivation of liberty. "The loss
24 or threatened infringement upon [constitutional] rights for even minimal periods of time
25 unquestionably constitutes irreparable injury." *Cuviello v. City of Vallejo*, 944 F.3d 816, 832 (9th
26 Cir. 2019) (citation modified). "When an alleged deprivation of a constitutional right is involved,
27 most courts hold that no further showing of irreparable injury is necessary." *Baird v. Bonta*, 81
28 F.4th 1036, 1042 (9th Cir. 2023) (citation modified). "[I]t follows inexorably from [the Court's]

4

conclusion" that Ms. Ayra Leandro "will likely be deprived of [her] physical liberty unconstitutionally in the absence of the injunction ... that [she] ha[s] also carried [her] burden as to irreparable harm." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

The final two *Winter* factors, the balance of the equities and public interest, merge because the government is the opposing party. These factors also weigh heavily in favor of granting a temporary restraining order. "Because public interest concerns are implicated when a constitutional right has been violated, all citizens have a stake in upholding the Constitution, meaning it is always in the public interest to prevent the violation of a party's constitutional rights." *Baird*, 81 F.4th at 1042 (citation modified). Further, "the Ninth Circuit has recognized that 'the costs to the public of immigration detention are staggering.'" *Jorge M. F. v. Wilkinson*, No. 21-CV-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (citation modified) (quoting *Hernandez*, 872 F.3d at 996). And where Ms. Ayra Leandro is suffering irreparable harm while in detention, the potential harm to the government—at worst, a short delay in detaining her until it makes the requisite showing of necessity before a neutral decisionmaker—is minimal. *See id.* at *3; *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). In any case, enjoining the government from constitutional violations does not impose harm "in any legally cognizable sense." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

Finally, Ms. Ayra Leandro's immediate release is required to return her to the status quo. The "status quo" refers to the state of the parties' relationship "before the action challenged in the complaint occurred." *Youth 71Five Ministries v. Williams*, No. 24-101, __ F.4th __, 2025 WL 2385151, at *5 (Aug. 18, 2025). Here, that is the moment prior to Ms. Ayra Leandro's likely illegal detention. *See Pablo Sequen*, __ F. Supp. 3d __, 2025 WL 2650637, at *4 n.2; *Kuzmenko v. Phillips*, No. 25-CV-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

Because Ms. Ayra Leandro satisfies all of the requirements for temporary injunctive relief and such relief is necessary to restore the status quo, her motion for a temporary restraining order is granted. *See Pablo Sequen v. Kaiser*, No. 25-CV-06487-PCP, 2025 WL 2203419, at *3 (N.D.

1   Cal. Aug. 1, 2025) (collecting similar cases). And because "there is no realistic likelihood of harm
2   to the [respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919
3   (9th Cir. 2003), no security is needed to ensure that respondents will be reimbursed for "costs and
4   damages sustained by … hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).
5   The Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. *Jorgensen*,
6   320 F.3d at 919.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Ms. Ayra Leandro's motion for a temporary restraining order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter. Defendants are **ORDERED** to immediately release Ms. Ayra Leandro from custody and are **ENJOINED AND RESTRAINED** from re-detaining her without providing her with a pre-deprivation hearing before a neutral decisionmaker at which the government establishes by clear and convincing evidence that her detention is necessary to prevent her flight or to protect the public. Should defendants choose to conduct such a hearing, defendants are **ORDERED** to provide Ms. Ayra Leandro with reasonable advance notice of the time and place of the hearing.

This Order shall remain in effect until 5:00 p.m. on December 4, 2025. The Petition for Writ of Habeas Corpus (Dkt. No. 1), Motion for Temporary Restraining Order (Dkt. No. 2), and this Order **SHALL** be served on defendants such that they receive actual notice as soon as possible. Petitioners shall file proof of service or a status report by no later than November 21, 2025 at 5:00pm. Defendants shall provide a status report confirming the release of Ms. Ayra Leandro by no later than November 21, 2025 at 5:00pm.

Defendants are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue in favor of Ms. Ayra Leandro. The hearing will be held in the courtroom of the assigned Judge, or as otherwise ordered by that Judge, at 10:00 a.m. on December 2, 2025. Defendants shall file a response to petitioners' motion by no later than November 25, 2025. Any reply shall be filed by November 28, 2025.

**IT IS SO ORDERED.**

Dated: November 20, 2025

P. Casey Pitts
United States District Judge