UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINDA AYRA LEANDRO,<br><br>    Petitioner,<br><br>    v.<br><br>SERGIO ALBARRAN, et al.,<br><br>    Respondents. | Case No. 25-cv-10042-JD<br><br>**ORDER RE PRELIMINARY INJUNCTION** |

Petitioner Rosalinda Ayra Leandro filed a petition for a writ of habeas corpus against respondents Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pam Bondi, U.S. Attorney General, all named in their official capacities. *See* Dkt. No. 1. Ayra Leandro also filed an application for a temporary restraining order for release from detention, Dkt. No. 2, which the Court granted, Dkt. No. 3. Respondents were ordered to show cause why a preliminary injunction should not issue in favor of Ayra Leandro, and respondents have filed an opposition to which Ayra Leandro has replied. Dkt. Nos. 3, 10, 11. The parties' familiarity with the record is assumed and an injunction is granted.

The salient facts are undisputed, and the government has not indicated that any material facts have changed since the TRO was granted. *See* Dkt. No. 10. Ayra Leandro has raised a serious legal question, and demonstrated a likelihood of success, with respect to the merits of whether she may be detained in the circumstances presented here, and has also made a sufficient showing on the other factors that the Court considers when granting a preliminary injunction. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, No. 25-CV-03070-JD, 2025 WL 1755442, at *8 (N.D. Cal. June 24, 2025) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); Dkt. No. 3.

The government's legal contentions do not present good reason to depart from the Court's reasoning and discussion about the necessity of a pre-detention hearing, Dkt. No. 3, which is incorporated here. The statutory provisions respondents seek to rely upon to detain Ayra Leandro do not trump or otherwise displace the due process commands of the Fifth Amendment, as discussed in the order granting the TRO. *See id*. at 4.

Consequently, a preliminary injunction is granted on the ensuing terms. If circumstances change materially, the government may request a modification of the injunction.

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner Rosalinda Ayra Leandro without a pre-detention hearing before a neutral decisionmaker.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from transferring petitioner Rosalinda Ayra Leandro out of the District without the Court's prior approval.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so Ayra Leandro need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

The parties are directed to jointly propose by December 29, 2025, a briefing schedule on the petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: December 4, 2025

JAMES DONATO
United States District Judge